IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ASHLEY COHEN,

          Plaintiff,

v.

THE UNITED STATES OF AMERICA,

          Defendant.

Case No. 3:21-cv-00475-JR

OPINION AND ORDER

**MOSMAN, J.,**

On May 25, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 18], recommending that this court grant the Defendant's Motion to Dismiss [ECF 8] in part and deny it in part. Defendant and Plaintiff both filed objections [ECF 24, 26] on July 2, 2021 and responses to objections on July 23, 2021 [ECF 29, 30]. Upon review, I mostly agree with Judge Russo, but determine that her legal conclusions necessitate I grant Defendant's Motion to Dismiss in full.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION & ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The United States objects to Judge Russo's recommendation that I do not dismiss Claim Three of the complaint, which alleges that the United States aided and abetted an unlawful employment practice under Or. Rev. Stat. § 659A.030(1)(g). Obj. to F&R [ECF 24] at 2–8. The doctrine of sovereign immunity dictates that the United States cannot be sued without its consent. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Because Plaintiff Cohen has failed to show that the United States consented to be sued under an Oregon employment statute, this claim must be dismissed with prejudice.

In her objection to the F&R, Cohen asks for leave to amend Claim Five of the complaint, her claim under the Federal Tort Claims Act ("FTCA"). Pl.'s Obj. to F&R [ECF 26] at 5. But Cohen's failure to adhere to the FTCA's exhaustion requirement has divested jurisdiction from this court. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Thus, to the extent the finding was ambiguous in Judge Russo's F&R, I find that Claim Five must be dismissed with prejudice.

Cohen also asks for leave to amend her complaint to include a constitutional claim. Pl.'s Resp. to Obj. to F&R [ECF 30] at 4. It is "inappropriate…to supplement [a] regulatory scheme with a new judicial remedy." *Bush v. Lucas*, 462 U.S. 367, 368 (1983) While Cohen's claims are

2 – OPINION & ORDER

distinct from the causes of action offered by Title VII, F&R [ECF 18] at 9, they fall neatly under the umbrellas of the FTCA and Whistleblower Protection Act. *See* 28 U.S.C. § 1346(b)(1); 5 U.S.C. § 2302(b)(8). I therefore deny Cohen's request for leave to replead her claims as constitutional violations.

## CONCLUSION

Upon review, I disagree with Judge Russo's recommendation as to Plaintiff's Claim Three and I DECLINE to adopt the F&R [ECF 18] as to that issue. Moreover, I find that the dismissal of that Plaintiff's Claim Five must be with prejudice. I adopt the F&R [ECF 18] on all other grounds. I GRANT Defendant's Motion to Dismiss [ECF 8] and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this 22 day of September, 2021.

_____
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION & ORDER